IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZANDRA MEEK,

        Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.

CIVIL ACTION

No. 16-2476-JWL

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i), and 423 (hereinafter the Act). Finding the Administrative Law Judge's (ALJ) decision is not supported by the record evidence and is inadequately explained, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.    Background**

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for DIB, alleging disability beginning January 1, 2005. (R. 227).[2] Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff claims numerous errors in the ALJ's consideration of her medically determinable severe impairments and in her assessment of Plaintiff's residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

---

[2]Plaintiff filed an amendment to her application providing an amended onset date of August 1, 2013. (R. 229). Apparently relying on that amendment, the ALJ found that Plaintiff alleged disability beginning August 1, 2013. (R. 48). In her Social Security Brief, Plaintiff claims the ALJ erred in considering her alleged onset date and argues that her alleged onset date was October 15, 2009. (Pl. Br. 12). There is also record evidence supporting that argument. On remand, the Commissioner may review the evidence and decide the question.

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary here because the ALJ's stated basis for according substantial weight to the medical opinion of Dr. Byrd, the state agency medical consultant, is nothing more than boilerplate which is unreviewable by the court without impermissibly weighing that opinion in the first instance. Although the court finds little support for Plaintiff's remaining allegations of error, it has determined that remand is necessary because of the error in weighing Dr. Byrd's opinion. The court may not provide an advisory opinion, and therefore it will not address the remaining issues.

## II. Discussion

Plaintiff claims the ALJ erred in weighing the non-examining source medical opinion of Dr. Byrd. She argues this is so because Dr. Byrd's opinion regarding

exertional limitations is inconsistent with Plaintiff's testimony and with Dr. Johnson's opinion (Pl. Br. 28), her opinion regarding manipulative limitations is inconsistent with Plaintiff's activities of daily living and with Dr. Johnson's opinion, and her opinion regarding environmental limitations is inconsistent with the fact Plaintiff has chronic obstructive pulmonary disease (COPD). Id. at 30. Plaintiff then argues that a state agency consultant's opinion "may be given weight only to the extent [her] opinions are supported by evidence in the record and the ALJ must explain the weight given to such opinions." Id. at 31 (citing Soc. Sec. Ruling (SSR) 96-6p). She argues that a boilerplate recitation without a "thorough analysis linking the conclusions to record evidence is improper." Id. (citing Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004)). The Commissioner argues that the ALJ "reasonably explained that she gave substantial weight to Dr. Byrd's opinion (that Plaintiff could perform medium work with some manipulative limitations) because it was well-explained and grounded in the medical and nonmedical evidence of record." (Comm'r Br. 12-13).

### A. Standard for Evaluating Medical Opinions

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, they will be evaluated in accordance with factors contained in the regulations. 20 C.F.R § 404.1527(c); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2016). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the

5

degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003) ; 20 C.F.R. § 404.1527(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the factors, the ALJ must give reasons in the decision for the weight she gives the opinion. Id. 350 F.3d at 1301. "Finally, if the ALJ rejects the opinion completely, [s]he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

**B.    Analysis**

The ALJ provided a two-sentence explanation for the weight she accorded Dr. Byrd's opinion:

> The undersigned finds that Dr. Byrd provided specific reasons for her opinion, showing that her opinion was grounded in the evidence of record, including careful consideration of the objective medical evidence and the claimant's allegations regarding symptoms and limitations. Therefore, this opinion has been given substantial weight.

(R. 57) (citing Ex. 4A/9 (R. 116)).

Exhibit 4A, cited by the ALJ, is a "Disability Determination Explanation" completed by the agency at the reconsideration level. (R. 108-19). Dr. Pape, the state

6

agency psychological consultant, signed the form immediately after the portion of the form containing the results of application of the Commissioner's Psychiatric Review Technique, thereby indicating that the opinions expressed in at least that portion of the reconsideration explanation are hers. (R. 114). Thereafter, Dr. Byrd signed the form at the end of the "Physical Residual Functional Capacity Assessment." (R. 116) (Ex. 4A/9 – the page cited by the ALJ). Clearly, the Physical RFC assessment constitutes the opinion of Dr. Byrd. What is not so clear is whether the "Assessment of Policy Issues" portion of the form also constitutes the opinion of Dr. Byrd. (R. 114-15). Giving the Commissioner, the agency, and the ALJ all of the benefit of the doubt, the court will assume that the entire form between Dr. Pape's signature and Dr. Byrd's signature constitutes Dr. Byrd's medical opinion.

Even with this generous understanding, the evidence does not support the ALJ's finding that "Dr. Byrd provided specific reasons for her opinion, showing that her opinion was grounded in the evidence of record, including careful consideration of the objective medical evidence and the claimant's allegations regarding symptoms and limitations." (R. 57). Dr. Byrd opined that Plaintiff was limited to 50 pounds exertion occasionally and 25 pounds frequently and could sit, and stand and/or walk about 6 hours each in a workday. (R. 115). She opined that Plaintiff was limited bilaterally in handling and fingering. Id. The only specific explanation Dr. Byrd provided for her limitations was that Plaintiff was "[l]imited to frequent but not constant handling and fingering due to bilateral carpal tunnel syndrome." Id. at 116. It is true that Plaintiff has been diagnosed

7

with bilateral carpal tunnel syndrome, but Dr. Byrd cites to no authority, there is none in the record evidence, and the court is aware of none of which the court or the agency may take judicial or administrative notice, for the proposition that <u>every person</u> diagnosed with carpal tunnel syndrome is able to frequently handle and finger but unable to constantly handle and finger. By the same token, there is no authority or record evidence cited or known for the proposition that <u>no person</u> with carpal tunnel syndrome is limited to handling or fingering less than frequently. Dr. Byrd simply did nothing to ground her limitations in the record evidence, and the ALJ did not do so. The ALJ's reliance on Dr. Byrd's "careful consideration of . . . the claimant's allegations" is similarly flawed. (R. 57). As noted above, the court adopts a generous understanding that Dr. Byrd provided the assessment of "Symptoms and Credibility" contained in the reconsideration Disability Determination Explanation. (R. 114). Therein, she opined that Plaintiff's impairments could be expected to produce Plaintiff's alleged symptoms but that they were not "substantiated by the objective medical evidence alone." <u>Id.</u> In accordance with the regulations, these findings triggered the duty to consider all of the evidence, both objective and subjective in deciding the issue of credibility. Pursuant to that duty, Dr. Byrd opined that Plaintiff's ADLs (activities of daily living) were the most informative factor in assessing the credibility of Plaintiff's allegations, and found that her allegations were partially credible. (R. 114). Dr. Byrd then stated her credibility assessment:

> On her AOL form, clmt. indicates that she is only able to walk 20 minutes due to back and leg pain. At CE, she denied problems with back pain and did not mention any problems with leg pain. An XR of her lumbar spine

8

> shows only mild degenerative changes. She also alleges problems using her
> hands and yet she indicates that she has no problems performing personal
> care activities. While severe, clmts impairments are not so severe as to
> prevent all work.

Id. This explanation gives no "specific reasons" for the limitations Dr. Byrd assessed for Plaintiff, and does nothing to ground those limitations in the record evidence.

Finding no evidentiary basis or rationale for the ALJ's findings, the court finds that they are mere boilerplate of the sort condemned in Hardman. 362 F.3d at 679. Remand is necessary for the Commissioner to properly weigh Dr. Byrd's medical opinion and explain the weight and the reasons for the weight accorded to it.

In a final matter for the court's consideration, Plaintiff seeks remand for an immediate award of benefits. (Pl. Br. 34-35). As Plaintiff suggests, whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

A decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. <u>Gilliland v. Heckler</u>, 786 F.2d 178, 184, 185 (3rd Cir. 1986). Nevertheless, the Commissioner is not entitled to adjudicate a case <u>ad</u> <u>infinitum</u> until she correctly applies the proper legal standard and gathers evidence to support her conclusion. <u>Sisco</u>, 10 F.3d at 746.

Since this is a Title II case seeking DIB, and Plaintiff's date last insured was December 31, 2014–before the ALJ decision in this case–it is unlikely that further development may be had here. However, the evidence does not point but one way, the case has been at issue for less than four years, this is the first time a court has reviewed the issues presented here, and there is no indication that the Commissioner is seeking merely to delay the award of benefits. Remand for further consideration and a proper application of the legal standards for deciding disability is appropriate in this case.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 20th day of April 2017, at Kansas City, Kansas.

    s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**